UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

FRANCISCO DURAN
and other similarly situated individuals,

    Plaintiff(s),

v.

KESEF, LLC,
d/b/a SOHO ASIAN BAR & GRILL

    Defendant,

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW Plaintiff FRANCISCO DURAN and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant KESEF LLC, d/b/a SOHO ASIAN BAR & GRILL, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover monetary damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff FRANCISCO DURAN is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court and is otherwise suit juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant KESEF LLC, d/b/a SOHO ASIAN BAR & GRILL (from now on, SOHO ASIAN BAR & GRILL, or Defendant) is a Florida Limited Liability Company. Defendant

has a place of business in Dade County, Florida, within this Honorable Court Jurisdiction. Defendant was and is engaged in interstate commerce.

4. All the actions raised in this complaint took place in Dade County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

5. This cause of action is brought by Plaintiff FRANCISCO DURAN as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after October 2020, (the "material time") without being properly compensated.

6. Defendant SOHO ASIAN BAR & GRILL is a contemporary kosher restaurant specializing in Asian and Israeli dishes. The restaurant is located at 19004 NE 29 Avenue, Aventura, Florida 33180.

7. Defendant SOHO ASIAN BAR & GRILL employed Plaintiff FRANCISCO DURAN as a full-time, non-exempted hourly employee from approximately October 15, 2020, to February 28, 2023, or 124 weeks.

8. Plaintiff had duties as a butcher, and he had a wage rate of $19.00 an hour. Plaintiff's overtime rate should be $28.50 an hour.

9. During his employment with Defendant, Plaintiff worked a regular schedule of six days per week. Plaintiff worked from Monday to Friday from 7:00 AM to 8:00 PM (13 hours daily). Plaintiff had Saturdays off, but he worked on Sundays from 7:00 AM to 10:00 PM

(15 hours). Plaintiff worked a total of 80 hours weekly. Plaintiff was unable to take bonafide lunch periods.

10. Plaintiff worked in excess of 40 hours, and he was paid overtime hours, but he was not paid for all his overtime hours.

11. Every week, Defendant paid Plaintiff for an average of 65 hours, or an average of 25 overtime hours, at the correct rate. However, every week, Plaintiff was not paid for at least 15 overtime hours at any rate, not even at the minimum wage rate as required by law.

12. Plaintiff clocked in and out, and Defendant could keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

13. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1). and 29 USC § 201 et seq.

14. Plaintiff was paid weekly with checks or cash with paystubs that did not disclose the actual number of hours worked.

15. On or about February 28, 2023, Defendant fired Plaintiff due to discriminatory reasons. Plaintiff is in the process of filing his Charge of Discrimination with the US Equal Employment Opportunity Commission (EEOC).

16. Plaintiff FRANCISCO DURAN seeks to recover overtime wages for every hour in excess of 40 that he worked, liquidated damages, and any other relief as allowable by law.

17. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid minimum or overtime wages at

the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

18. Plaintiff FRANCISCO DURAN re-adopts every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. This cause of action is brought by Plaintiff FRANCISCO DURAN as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "Act"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after October 2020, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

20. Defendant SOHO ASIAN BAR & GRILL was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as a Kosher Asian restaurant/bar and is engaged in interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto, in excess of $500,000 per annum. By

reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

21. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time during business. Therefore, there is FLSA individual coverage.

22. Defendant SOHO ASIAN BAR & GRILL employed Plaintiff FRANCISCO DURAN as a full-time, non-exempted hourly employee from approximately October 15, 2020, to February 28, 2023, or 124 weeks.

23. Plaintiff had duties as a butcher, and he had a wage rate of $19.00 an hour. Plaintiff's overtime rate should be $28.50 an hour.

24. During his employment with Defendant, Plaintiff worked a regular schedule of six days per week a total of 80 hours. Plaintiff was unable to take bonafide lunch periods.

25. Plaintiff worked in excess of 40 hours, and he was paid overtime hours, but he was not paid for all his overtime hours.

26. Every week, Defendant paid Plaintiff for an average of 65 hours, or an average of 25 overtime hours, at the correct rate. However, every week, Plaintiff was not paid for at least 15 overtime hours at any rate, not even at the minimum wage rate as required by law.

27. Plaintiff clocked in and out, and Defendant could keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

28. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation

of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1). and 29 USC § 201 et seq.

29. Plaintiff was paid weekly with checks or cash with paystubs that did not disclose the actual number of hours worked.

30. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated and the compensation actually paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees.

31. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

32. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

33. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

34. Defendant violated the Posting requirements of 29 USC § 516.4.

35. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    * Please note that this amount is based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Fifty-Three Thousand Ten Dollars and 00/100 ($53,010.00)

    b. <u>Calculation of such wages</u>:

       Total number of weeks: 124 weeks
       Total number of relevant weeks: 124 weeks
       Total hours worked:  80 hours weekly average
       Total overtime hours: 40 hours on average
       Total unpaid O/T hours: 15 O/T hours weekly average

    Regular rate: $19.00 x 1.5= $28.50
    O/T rate: $28.50

    $28.50 x 15 O/T hours=$427.50 weekly x 124 weeks=$53,010.00

  c. <u>Nature of wages (e.g., overtime or straight time):</u>

  This amount represents unpaid overtime wages.[1]

36. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

37. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

38. Defendant SOHO ASIAN BAR & GRILL willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations  * Calculations has been made using $19.00 as regular rate. Plaintifff will amend his regular rate after discovery.

39. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay a reasonable Attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FRANCISCO DURANand those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff FRANCISCO DURAN and other similarly-situated individuals and against Defendant SOHO ASIAN BAR & GRILL based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff FRANCISCO DURAN actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff FRANCISCO DURAN demands trial by jury of all issues triable as of right by jury.

Date:  August 31, 2023,

                                    Respectfully submitted,

                                    By:  **/s/ Zandro E. Palma**
                                    ZANDRO E. PALMA, PA.
                                    Florida Bar No.: 0024031

        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile:  (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*